UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE CANTEY,

                           Plaintiff,

          v.                                    1:16-CV-14
                                             (GTS/CFH)

COUNTY OF ALBANY CITY OF ALBANY,
ALBANY POLICE DEPARTMENT, POLICE
OFFICER JOSE MARTINEZ, and POLICE
OFFICER BEN BURNHAM,

                           Defendants.

---

**APPEARANCES**:  
Andre Cantey, Plaintiff Pro Se  
14-A-4643  
Coxsackie Correctional Facility  
P.O. Box 999  
Coxsackie, New York 12051

**OF COUNSEL:**

**CHRISTIAN F. HUMMEL**  
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

Plaintiff pro se Andre Cantey commenced this action on January 6, 2016 against defendants the City of Albany ("City"), Albany Police Department ("Department"), Police Officer Jose Martinez, and Police Officer Ben Burnham. Dkt. No. 1. Plaintiff also filed a motion to proceed In Forma Pauperis ("IFP"). Dkt. Nos. 2, 3. Plaintiff has not paid a filing fee in this action.

### I. **IFP**

Turning to plaintiff's IFP application, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter IFP.

## II. INITIAL REVIEW[1]

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

### B. Review of Complaint

#### 1. Background

Plaintiff provides that on June 12, 2014, he was a passenger in a car driving in the area of Madison Avenue and South Lake in the City of Albany, New York. Dkt. No. 1. at 2. The car in which he was seated was stopped by the police for a traffic violation – the driver of the car was on her cell phone. Id. Plaintiff contends that the vehicle was approached on the driver side by Officer Martinez, and Officer Burnham approached the vehicle on the passenger side. Id. Officer Martinez asked the driver of the vehicle

---

[1] Any unpublished decisions cited in this Report-Recommendation and Order are attached hereto.

for her license and registration, and walked back to his patrol car to verify the information. Id. Officer Martinez thereafter informed the driver that her license was suspended, ordered her out of the car, and placed her in the patrol car. Id. Officer Martinez then asked plaintiff to exit the vehicle and requested identification. Id. Plaintiff did not have identification on him, and informed Officer Martinez of this. Id. When asked, plaintiff provided that his name is Andre Cantey and that his birth date is July 4, 1969. Id. at 2-3. Plaintiff also provided his social security number. Id. Officer Martinez "instructed Officer Burhnam to detain [plaintiff] while he verify [sic] the information that was given by Plaintiff." Id. at 3. Officer Martinez told plaintiff that "he was being detained unto [sic] Officer Martinez Verify that I do not have any warrants, Them [sic] I can le ve [sic]." Id. Officer Burnham also told plaintiff that if he tried to walk away, "that he would use his taser gun and use deadlyforce [sic]." Id.

A short time later, Officer Martinez told plaintiff that he had lied to him about his identity and that he was "still going to jail for false personation." Dkt. No. 1 at 3. Officer Martinez placed plaintiff in handcuffs and put him in the back of his patrol car. Id. While this was happening, plaintiff was trying to explain to Officer Burnham that he provided the correct information. Id. Officer Burnham "go to his computer in his patrol [sic] car and punch in my Information in and my information come up on the computer screen." Id. Plaintiff contends that his true birth date is July 4, 1969 and that this was the date he provided to Officer Martinez. Id. Plaintiff states that Officer Burnham told him "that [he] should have had identification on [him]."

2. **Causes of Action**

3

Plaintiff alleges that defendants violated the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Liberally read, his complaint suggests that the defendants committed false arrest, false imprisonment in violation of the Fourth and Fourteenth Amendments; he also alleges that defendants Martinez and Burnham committed libel, slander, and fraud for "filing a false accusatory instrument." Dkt. No. 1 at 2.

### i. **Eleventh Amendment - Official Capacity**

As a threshold issue, it is unclear from the complaint whether plaintiff is attempting to hold the individual defendants liable in their official capacities. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. "New York State has not consented to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment.

4

Accordingly, insofar as plaintiff's complaint may be read as alleging claims against defendants Martinez and Burnham in their official capacities, it is recommended that these claims be dismissed, with prejudice, and without opportunity to amend.

    ii. **Claims against the City of Albany and Albany Police Department**

Plaintiff alleges that the City of Albany and the Albany Police Department, apparently under the theory of respondeat superior, violated the Fourth, Fifth, and Fourteenth Amendment. Compl. at 5 ¶ 12. As noted, Eleventh Amendment bars federal courts from entertaining suits brought by a private party against a State or one of its agencies absent consent, waiver, or where Congress expressly overrides immunity. Abrahams, 473 F. Supp. 2d at 556. However,

> [a] municipal entity, such as the City here, may not liable pursuant to § 1983 under the theory of respondeat superior, but may be liable where its employee acted pursuant to an official policy, custom, or practice of said entity. See Monell [v. Dept. of Soc. Services of City of New York], 436 U.S. [658,] 694-95 [1978]; Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir.1990). Such a policy, custom or practice may 'be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.' Patterson, 375 F.3d at 226 (quoting Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir.1996)) (internal quotation marks omitted).'

Hines, 542 F. Supp. 2d at 227; see also Zahra v. Town of Southhold, 48 F.3d 674, 685 (2d Cir. 1995).

Plaintiff has not alleged that either the City or Department had an official policy, custom, or practice and that the officers were acting in response to that policy, custom, or practice. Although plaintiff appears to base his claim against the City and

5

Department upon a theory of respondeat superior, given that plaintiff is pro se[2] and may be able to allege a cause of action against the City under a Monell theory, the undersigned recommends that plaintiff be granted leave to amend his complaint. See generally Hines, 542 F. Supp. 2d at 227. In order to hold the City and Department liable under § 1983, plaintiff must show that his civil rights were violated as a result of a municipal policy or custom. See City of Canton Ohio v. Harris, 489 U.S. 378, 385 (1989); Oblio v. City Univ. of N.Y., 10-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, *43 (E.D.N.Y. Feb. 28, 2003); Davis v. City of New York, 228 F. Supp. 2d 327, 336-37 (S.D.N.Y. 2002).

Accordingly, it is recommended that all claims against the City of Albany and the Albany Police Department be dismissed without prejudice and with leave to amend.

### iii. **False Arrest and Imprisonment - Fourth Amendment**

Plaintiff contends that the defendants committed false arrest and false imprisonment in violation of the Fourth Amendment.[3] First, it is unclear whether plaintiff has been convicted of false personation. Where, as here, "a state prisoner seeks damages in a § 1983 suit, the district court must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

---

[2] The Second Circuit has repeatedly recognized that pro se litigants are to be afforded special solicitude. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)

[3] "Causes of action for false arrest and false imprisonment are analytically identical claims." Parker v. Robenski, 13-CV-668, 2015 WL 4041734, at *3 n.7 (July 1, 2015) (citing Mitchell v. Home, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005).

6

conviction or sentence has already been invalidated." Heck v. Humphry, 512 U.S. 477, 487 (1994); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir.1995). This is because "Heck precludes a criminal defendant convicted in state court from prevailing in a civil claim for damages if such relief would necessarily imply the unlawfulness of the underlying conviction and sentence." Parker, 2015 WL 4041734, at *2. "However, '[t]he Heck doctrine barring a Section 1983 claim does not extend to plaintiff's false arrest suit.'" Id. at *3 (quoting Glasgow v. Beary, 2 F. Supp. 3d 419, 427 (E.D.N.Y. 2014)

The elements of a Fourth Amendment false arrest claim under 42 U.S.C. § 1983 are the same as those for a false arrest claim under New York law. Kraft v. City of New York, 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010). "To state a claim for false arrest under New York law, a plaintiff must show that (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Where the officer has probable cause for the arrest, it is privileged. Id. at 76. "Probable cause exists if at the time of the arrest 'the facts and circumstances within th[e officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Id. (citing

7

Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007). The existence of probable cause is a "complete defense" to a false arrest/imprisonment claim. Jackson v. City of New York, 939 F. Supp. 2d 235, 248 (E.D.N.Y. 2013). A guilty plea establishes probable cause and precludes a claim for false arrest or false imprisonment. Chillemi v. Town of Southampton, 943 F. Supp. 2d 365, 376 (E.D.N.Y. 2013).

Plaintiff contends that, when asked for his name and date of birth, he provided Officer Martinez with his proper name, Andre Cantey, and his proper date of birth, July 4, 1969. Dkt. No. 1 at 3. The arrest report also reflects that plaintiff told the officer that he was born on July 4, 1969. Id. at 6. Plaintiff suggests that the officers contended that he committed false personation in violation of section 190.23 of the New York State Penal Law because his date of birth is July 4, 1969.

Here, the police report plaintiff provides reflects that Officer Martinez obtained plaintiff's personal information by running a criminal history check "through the NYS DCJS." Dkt. No. 1 at 6. It also provides that plaintiff was "advised of the consequences of providing false information." Id. If it is the case that plaintiff's criminal records do, in fact, reflect that he was born on July 4, 1968, rather than July 4, 1969, as he reported to the officers, the officers would appear to have had probable cause to arrest him, as the records would reflect a birth date different from the one he provided.

To the extent that plaintiff suggests that defendants did not have probable cause to arrest him because he provided them with his correct birth date, it is recommended that the claim proceed, insofar as plaintiff may be able to allege that he was arrested without probable cause. The undersigned is not concluding that this claim will survive a properly pleaded motion to dismiss should further development of the facts reveal that

8

there was probable cause for the arrest.

### iv. Fifth Amendment

Plaintiff states, without elaboration, that defendant violated the Fifth Amendment to the Constitution. Dkt. No. 1 at 1. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND. V. "It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 444-45 (1972). Plaintiff fails to explain how defendants violated the Fifth Amendment. He does not contend that he was compelled to make a statement and that such statement was used against him in a criminal proceeding. Although plaintiff indicates that defendant Burnham told him that if he left the scene, he would use a taser gun or deadly force on him, he does not allege that these threats were used in order for him to compel some kind of statement against himself. Thus, he does not set forth sufficient facts to demonstrate that he was compelled to make a statement against his interest.

Accordingly, it is recommended that plaintiff's Fifth Amendment claim be dismissed without prejudice and with opportunity to amend so that plaintiff may set forth with specificity how he alleges that the defendants violated his Fifth Amendment right against self incrimination.

### v. **Malicious Prosecution/Abuse of Process**

Plaintiff's complaint does not explicitly set forth a cause of action for false prosecution or abuse of process. However, plaintiff contends that defendants created a "false accusatory instrument to detain and arrest plaintiff" and alleges that defendants committed "fraud" by creating the criminal complaint charging him with false personation. Dkt. No. 1 at 2-3. Read liberally, it appears that plaintiff is attempting to set forth a claim for false prosecution or abuse of process.

> Freedom from malicious prosecution is a constitutional right that has long been clearly established." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). In order "[t]o sustain a § 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." Id. "To state a prima facie claim for malicious prosecution, a plaintiff must show: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice," id., together with either an arrest made pursuant to a warrant—i.e. legal process, or a "post-arraignment deprivation of liberty.' Singer, 63 F.3d at 117.

Betts v. Sherman, 12-Civ-3195, 2013 WL 311124, at *11 (S.D.N.Y. Jan. 24, 2013). A police officer's writing a complaint and filing it in court amounts to "commencing" a criminal action for a malicious prosecution claim. Id. (citing Swartz v. Insogna, 704 F.3d 105, 112 (2d Cir. 2013).

Here, plaintiff does not provide whether a criminal action was brought against him arising out of the complaint charging him with false personation or whether it was terminated in his factor. Accordingly, insofar as plaintiff's complaint attempts to set forth a claim for malicious prosecution or abuse of process, it is recommended that the

10

claim be dismissed without prejudice and with opportunity to amend to allow plaintiff to plead whether defendants commenced a proceeding against him that was terminated in his favor.

### vi. **Fourteenth Amendment**

Plaintiff cites the Fourteenth Amendment, but does not set forth how he alleges defendants violated the Fourteenth Amendment. It appears to the undersigned that plaintiff may be attempting to contend that his arrest constitutes a violation of his right to due process. "While this contention may be legally correct, the remedy for such a violation is under the Fourth Amendment; not under generalized notions of due process." Devarnne v. City of Schenectady, No. 10-CV-1037, 2011 WL 219722, at *2 (N.D.N.Y. Jan.21, 2011) (citing Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, as the remedy is properly pleaded under the Fourth Amendment, it is recommended that plaintiff's Fourteenth Amendment due process claim be dismissed as it is "duplicative of the Fourth Amendment false arrest claim." Murphy v. Anderson, 11-CV-473, 2011 WL 3204675, at *2 (N.D.N.Y. July 26, 2011).

Accordingly, the undersigned recommends that the claim be dismissed without prejudice, insofar as plaintiff may have been attempting to allege a violation of the Fourteenth Amendment under a different theory.

### vii. **Slander and Libel**

Plaintiff contends that defendants Martinez and Burnham committed slander and

libel when they created a "false accusatory instrument" that accused him of committing false personation.  Plaintiff contends that defendant Martinez signed the criminal complaint "under penalty of perjury" and has committed perjury because plaintiff did not commit false personation.  Dkt. No. 1 at 2.

There is no cause of action for libel or slander under section 1983 "unless it implicates a liberty interest."[4]  Perez v. Amato, 12-CV-623, 2013 WL 3778726, at *16 (N.D.N.Y. June 17, 2013) (internal citation and quotation marks omitted)  Instead, these are state tort law claims.  Accordingly, the Court would need to exercise supplemental jurisdiction to review these state law claims, and the decision whether to exercise this jurisdiction is within this Court's discretion.  See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 121-22 (2d Cir. 2006)).

Although plaintiff does not detail his claims of slander – spoken expression –  or libel – written expression – it would appear that he is arguing that these state tort law violations occurred insofar as the criminal complaint is untrue because his birth date is on July 4, 1969, and he told Officer Martinez that he was born on July 4, 1969.  Thus, under this argument, because July 4, 1969 is his true date of birth, plaintiff could not have committed false personation, rendering the criminal complaint untrue.  Dkt. No. 1 at 6.

The statute of limitations on a claim for slander or libel is one year.  N.Y. C.P.L.R. § 215(3).  It appears that the criminal complaint was written on June 12, 2014.

---

[4] Regarding any claim of alleged liberty interest, "[d]efamation alone, even by a government entity, does not constitute a deprivation of a liberty interest protected by the Due Process Clause."  Martz v. Incorporated Village of Valley Stream, 22 F.3d 26, 31 (2d Cir.1994)

See Dkt. No. 1 at 6. Even if plaintiff were able to demonstrate that the complaint amounted to libel or that the defendants committed slander, his complaint needed to have been filed on or before June 12, 2014. As it has been more than one year since the complaint was written, the statue of limitations for a defamation claim has now expired. See N.Y. C.P.L.R. § 215(3); see also Buskirk v. The New York Times Co., 325 F.3d 87, 89 (2d Cir. 2003).

Accordingly, it is recommended that, insofar as plaintiff attempts to set forth claims for slander and libel pursuant to New York State law, such claims be dismissed, with prejudice, and without opportunity to amend, as the statues of limitations on these claims have expired.

### viii. **Fraud**

Plaintiff contends that defendants Martinez and Burnham committed fraud. Fraud is a state law claim. Under New York law, the elements of a civil fraud claim are that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." JBCHoldings NY, LLC v. Pakter, 931 F. Supp. 2d 514, 532 (S.D.N.Y. 2013) (quoting Wall v. CSX Transp., Inc., 471 F.3d 410, 415-16 (2d Cir. 2006)). A claim for common law fraud under New York law must satisfy the requirements of the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. JBCHoldings, 931 F. Supp. 2d at 531. When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other

conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Here, the undersigned does not have sufficient factual information in order to determine whether defendants committed fraud. Plaintiff does not contend that defendants alleged that he made a statement other than what they wrote in the criminal complaint; instead, he contends that defendants alleged that plaintiff's birth date is July 4, 1968, when, in fact, he was born on July 4, 1969, as he told the defendant officers. Even if plaintiff is able to demonstrate that he was born on July 4, 1969 and that he gave this information to the officers, plaintiff has not demonstrated that the officers acted under the proper state of mind in order to allege a cause of action for fraud. The criminal complaint lists plaintiff's date of birth as July 4, 1968 and provides that such date was obtained through a "criminal history check through the NYS DCJS." Dkt. No. 1 at 6. If the officers performed a criminal history check and the criminal history check revealed plaintiff's birth date to be July 4, 1968, then even if plaintiff demonstrates that his proper date of birth is in 1969, he would be unable to prove intent, as is required for fraud. JBCHoldings NY, LLC, 931 F. Supp. 2d at 532.

Accordingly, insofar as plaintiff's complaint alleges a cause of action for fraud under New York State Law, it is recommended that the claim be dismissed without prejudice and with opportunity to amend should plaintiff be able to plead specific facts to plausibly suggest that defendants had the intent to defraud, that he relied on their representation, and that he suffered damage as a result. JBCHoldings NY, LLC, 931 F. Supp. 2d at 532.

ix. **Threats of Force**

Plaintiff alleges that defendant Burnham improperly threatened him with using a taser gun or deadly force if he were to walk away while Officer Martinez was checking his information in his patrol car. Dkt. No. 1 at 3. Verbal threats of force, no matter how unprofessional and no matter how violent, do not amount to a constitutional violation under section 1983. See, e.g., Jermosen v. Coughlin, 878 F. Supp. 444, 440 (N.D.N.Y. 1995). Furthermore, to the extent plaintiff is attempting to contend that the verbal threats violated the Fourteenth Amendment, "verbal threats will not violate the Fourteenth Amendment unless accompanied by physical force or the present ability to effectuate the threat." Id. at 440. Plaintiff has not alleged that defendants actually used force or that Martinez did anything other than verbally threaten the use of force. Accordingly, he has stated no claim for relief pursuant to section 1983, and it is recommended that, insofar as his complaint can be read as stating a claim against defendants for making threats in violation of section 1983, such claim must be dismissed, with prejudice and without opportunity to amend.

### III. **CONCLUSION**

**WHEREFORE**, it is hereby

(1) **ORDERED** that plaintiff's in forma pauperis application is **GRANTED**; and it is

(2) **RECOMMENDED** that, insofar as plaintiff raises claims against defendants Martinez and Burnham in their official capacities, such claims be dismissed with prejudice and without opportunity to amend; and it is further

(3) **RECOMMENDED** that all claims against the City of Albany and Albany Police

15

Department be dismissed without prejudice and with opportunity to amend as set forth in the above Report-Recommendation and Order; and it is further

(4) **RECOMMENDED** that plaintiff's claims for false arrest and imprisonment against defendants Martinez and Burnham, insofar as alleged against these defendants in their individual capacities proceed; and it is further

(5) **RECOMMENDED** that plaintiff's Fifth Amendment claims be dismissed without prejudice and with opportunity to amend, as set forth in the Report-Recommendation and Order; and it is further

(6) **RECOMMENDED**, that plaintiff's claim for malicious prosecution and abuse of process insofar as alleged against the individual defendants in their individual capacities be dismissed without prejudice and with opportunity to amend as set forth in the Report-Recommendation and Order; and it is further

(7) **RECOMMENDED** that plaintiff's Fourteenth Amendment claim be dismissed without prejudice and with opportunity to amend as set forth in the Report-Recommendation and Order; and it is further

(8) **RECOMMENDED** that plaintiff's claims for slander and libel in violation of New York State law insofar as alleged against the individual defendants in their individual capacities be dismissed with prejudice and without opportunity to amend as set forth in the Report-Recommendation and Order, and it is further

(9) **RECOMMENDED** that plaintiff's claim for fraud in violation of New York State law as alleged against the individual defendants in their individual capacities be dismissed without prejudice and with opportunity to amend as set forth in the Report-

Recommendation and Order; and it is further

(10) **RECOMMENDED** that, insofar as plaintiff's complaint can be read as alleging a claim against the individual defendants in their individual capacities for threats pursuant to section 1983, that such claims be dismissed with prejudice and without opportunity to amend; and it is

(11) **ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.


Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).


**IT IS SO ORDERED.**

Dated: January 11, 2016
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge