UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

ANDRE CANTEY,

                        Plaintiff,

v.                                                          1:16-CV-0014
                                                            (GTS/CFH)
JOSE MARTINEZ, City of Albany Police Officer;
and BEN BURNHAM, City of Albany Police
Officer,

                        Defendants.
─────────────────────────────────────────────

APPEARANCES:                                    OF COUNSEL:

ANDRE CANTEY, 14-A-4643
  Plaintiff, *Pro Se*
99 Prison Road
P.O. Box 1000
Woodbourne, New York 12788

THE REHFUSS LAW FIRM, P.C.                      ABIGAIL W. REHFUSS, ESQ.
  Counsel for Defendants                        STEPHEN J. REHFUSS, ESQ.
40 British American Boulevard
Latham, New York 12110

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by Andre Cantey ("Plaintiff")

against City of Albany police officers Jose Martinez and Ben Burnham ("Defendants"), is

Defendants' motion for summary judgment.  (Dkt. No. 86.)  For the reasons set forth below,

Defendants' motion for summary judgment is granted.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Amended Complaint

Following United States Magistrate Judge Christian F. Hummel's Decision and Order of June 19, 2017,[1] only two of Plaintiff's claims remain against Defendants: (1) his claim for false imprisonment/false arrest on the charge of False Personation in violation of the Fourth Amendment; and (2) his claim for malicious prosecution on the charge of False Personation in violation of the Fourth Amendment.  (Dkt. No. 51, at 19 [Decision & Order, 6/19/2017].) Regarding the false imprisonment/false arrest claim, Plaintiff alleges that Defendants willfully and intentionally deprived him of his civil rights by unlawfully detaining him without justification for the offense of False Personation during a traffic stop on June 12, 2014.  (Dkt. No. 52, at ¶¶ 20, 39 [Pl.'s Am. Compl.].)  Regarding the malicious prosecution claim, Plaintiff alleges that Defendants maliciously created and filed a false accusatory instrument later on June 12, 2014, which falsely charged Plaintiff with providing false identifying information to Defendants during the traffic stop.  (*Id.* at ¶¶ 7-10, 39-40, 43.)

### B.    Undisputed Material Facts on Defendants' Motion for Summary Judgment

Unless otherwise noted, the following facts were asserted and supported with accurate record citations by Defendants in their Statement of Material Facts and expressly admitted by

---

[1]    In a Decision and Order dated February 22, 2016, this Court, adopting the Report and Recommendation of Magistrate Judge Hummel, ordered dismissal of some of the claims alleged in Plaintiff's original Complaint, and directed the Clerk's office to terminate the County of Albany, the City of Albany, and the Albany Police Department from the action.  (Dkt. No. 7, at 4 [Decision & Order, 2/22/2016].)  Of these three parties, Plaintiff's Amended Complaint re-asserted claims only as to the City of Albany.  (Dkt. No. 51, at 8 [Decision & Order, 6/19/2017]; Dkt. No. 52, at 1 [Pl.'s Am. Compl.].)  However, Magistrate Judge Hummel found that the proposed amendments failed to state a claim against the City of Albany for failure to train subordinates.  (Dkt. No. 51, at 16-19 [Decision & Order, 6/19/2017].)  Consequently, the only remaining Defendants in this action are Defendants Martinez and Burnham.

Plaintiff in his response thereto or denied without appropriate record citations.  (*Compare* Dkt. No. 86, Attach. 9 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 92, at 1-3 [Pl.'s Rule 7.1 Resp.].)

1.      On June 12, 2014, Plaintiff was arrested by Defendants and was charged with False Personation (N.Y. Penal L. § 190.23), Criminal Possession of a Narcotic Drug with Intent to Sell (N.Y. Penal L. § 220.16-01), and Criminal Possession of a Controlled Substance (N.Y. Penal L. § 220.03).

2.      On June 18, 2014, Plaintiff was convicted of Criminal Possession of a Controlled Substance in violation of N.Y. Penal L. § 220.03 in full satisfaction of all charges against him.[2]

Even if Plaintiff's Rule 7.1 Response could be construed as containing an express denial of the second paragraph of Defendants' Rule 7.1 Statement, he does not support that denial with a citation to admissible record evidence.  (Dkt. No. 92, at 1.)  Rather, he merely argues that the evidence cited by Defendants (i.e., the Certificate of Conviction) does not "verify" that his plea of guilty to the charge of Criminal Possession of a Controlled Substance was in "full satisfaction" of the dismissal of the charge of False Personation, and indeed shows that the judge dismissed the latter charge because Plaintiff provided Defendants with the correct pedigree information on June 12, 2014 (as evidenced by the listing of his correct date of birth on the Certificate of Conviction on July 7, 2016).  However, in order to satisfy Defendants' modest threshold burden on their motion, Defendants need not cite evidence that conclusively

---

[2]      (*Compare* Dkt. No. 86, Attach. 9, at ¶ 2 [Defs.' Rule 7.1 Statement, asserting above-stated fact and supporting that assertion with admissible record evidence] *with* Dkt. No. 92, at 1 [Pl.'s Rule 7.1 Resp., failing to expressly deny Paragraph 2 of Defendants' Rule 7.1 Statement despite having received specific notice of the consequences of failing to do so through Dkt. No. 87].)

establishes their factual assertion but need only cite evidence that is relevant, i.e., that makes the factual assertion more probable than it would be without the evidence. *See* Fed. R. Civ. P. 56(c)(2) (requiring that the material cited "be presented in a form that would be admissible in evidence"); Fed. R. Evid. 402 (providing that "[r]elevent evidence is admissible" unless a listed rule provides otherwise, and that "[i]rrelevent evidence is not admissible"); Fed. R. Evid. 401(a) (defining relevance). Moreover, the fact that a document dated July 7, 2016, lists Plaintiff's correct date of birth in no way means that Plaintiff provided his correct date of birth on June 12, 2014. Third, even if the Court were to conduct a *sua sponte* review of the record, the Court would find that all of the evidence–as well as Plaintiff's own opposition memorandum of law–supports Defendants' factual assertion. (Dkt. No. 52, at ¶ 33 [Pl.'s Verified Compl., asserting that, on the same date in the same court, Plaintiff pled guilty to the charge of Criminal Possession of a Controlled Substance and the charge of False Personation against him was dismissed]; Dkt. No. 86, Attach. 7 [Pl.'s Certificate of Conviction, showing that, on the same date in the same case, the same judge entered Plaintiff's plea of guilty to the charge of Criminal Possession of a Controlled Substance and dismissed the remaining charges against Plaintiff including the charge of False Personation], *accord*, Dkt. No. 92, at 7-8 [Pl.'s Criminal History from the N.Y.S. Division of Criminal Justice Services]; Dkt. No. 92, at 3 [Pl.'s Opp'n Mem. of Law, arguing, "[d]uring Court proceeding [sic] all parties agree [sic] on the trial court record that in [sic] if the Plaintiff plea [sic] guilty C.P.C.S. in Seventh Degree violation (PL 220.03 and [sic] the False Personation charge would be dismissed"].)

**C.**    **Parties' Briefing on the Pending Motion**

**1.**    **Defendants' Motion for Summary Judgment**

**a.**    **Defendants' Memorandum of Law**

In their motion for summary judgment, Defendants argue that Plaintiff's claims must be dismissed pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because (a) his conviction and/or sentence have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, and (b) "[a] judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence." (Dkt. No. 86, Attach. 8, at 2-3 [Defs.' Mem. of Law].)

**b.**    **Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendants' motion, Plaintiff asserts three arguments. (Dkt. No. 92, at 3-6 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that Defendants have failed to provide documentation to substantiate that his plea was "in full satisfaction" of all the charges against him because the charge for False Personation was dismissed. (*Id.* at 3-4.)

Second, Plaintiff argues that Defendant Martinez violated his constitutional rights by presenting false information to the prosecutor and the court because evidence shows that Plaintiff did not present false information to Defendants. (*Id.* at 4-5.) Additionally, Plaintiff argues that the City Court Judge who accepted his guilty plea dismissed the False Personation charge because the judge "knew Defendant Martinez presented a false criminal complaint." (*Id.* at 5.)

Third, Plaintiff argues that he is not currently incarcerated on the conviction relevant to his claims pursuant to 28 U.S.C. § 1983 because that conviction, a Class A misdemeanor, could not have resulted in incarceration in state prison, where he currently resides.  (*Id.* at 5-6.)

### c.    Defendants' Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition memorandum of law, Defendants argue that the fact that the specific charge of False Personation was dismissed as part of the plea bargain does not mean that Plaintiff had a "favorable termination" as required to succeed on a claim for malicious prosecution because Plaintiff pleaded guilty to and was convicted of Criminal Possession of a Controlled Substance in the same criminal proceeding.  (Dkt. No. 93, at 1-2 [Defs.' Reply Mem. of Law].)  Defendants cite to *DiBlasio v. City of New York*, 102 F.3d 654, 655 (2d Cir. 1996), in support of their argument.  (*Id.*)

## II.    LEGAL STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[3]  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.

---

[3]    As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a), (c), (e).[4]

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[5] Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

---

[4]    Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[5]    *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[6]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[7] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

---

[6]     Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[7]     *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

### III.    ANALYSIS

After carefully considering whether Plaintiff's claims are barred by the Supreme Court's

decision in *Heck*, the Court answers this question in the affirmative for the reasons stated in

Defendants' memoranda of law.  (Dkt. No. 86, Attach. 8, at 2-4 [Defs.' Mem. of Law]; Dkt. No.

93, at 1-2 [Defs.' Reply Mem. of Law].)  To these reasons, the Court adds the following analysis.

In *Heck*, the Supreme Court held the following:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas
> corpus. . . . A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.  Thus, when a state prisoner seeks damages
> in a § 1983 suit, the district court must consider whether a judgment
> in favor of the plaintiff would necessarily imply the invalidity of his
> conviction or sentence; if it would, the complaint must be dismissed
> unless the plaintiff can demonstrate that the conviction or sentence
> has already been invalidated.

*Heck*, 512 U.S. at 486-87 (citations omitted).

Contrary to Defendants' conclusory statement that "[a] judgment in favor of the Plaintiff

would necessarily imply the invalidity of his conviction or sentence," both the Supreme Court

and the Second Circuit have recognized that Fourth Amendment claims for unlawful arrest are

not ordinarily barred by *Heck* because, in light of exceptions to the exclusionary rule such as the

independent source doctrine and the inevitable discovery doctrine, a favorable outcome on a

claim pursuant to 28 U.S.C. § 1983 would not necessarily demonstrate the invalidity of the

conviction.  *Heck*, 512 U.S. at 487 n.7; *Fifield v. Barrancotta*, 353 F. App'x 479, 480-81 (2d Cir.

2009).  However, the Second Circuit has noted that, despite this general rule, *Heck* may be applicable even in such a claim where "the conviction was dependant on evidence obtained as a result of the arrest," or, put another way, "the evidence underlying the conviction was the fruit of such unlawful actions."  *Fifield*, 353 F. App'x at 481 (citing *Covington v. City of New York*, 171 F.3d 117, 123 [2d Cir. 1999]).  "To determine if a Section 1983 claim alleging an unlawful search would necessarily imply the invalidity of his conviction, the Court must 'ascertain whether plaintiff could have been convicted even if the . . . evidence [from the allegedly illegal search were] suppressed[.]'" *Corley v. Vance*, 15-CV-1800, 2015 WL 4164377, at *4 (S.D.N.Y. June 22, 2015).

In this case, the admissible record evidence shows that Plaintiff could not have been convicted of Criminal Possession of a Controlled Substance without the evidence obtained as a result of his arrest for False Personation.  Notably, the heroin on which Plaintiff's Criminal Possession of a Controlled Substance charge was based was discovered only after Plaintiff was arrested and taken to be searched at the police station.  (Dkt. No. 52, at ¶ 29 [Pl.'s Am. Compl.]; Dkt. No. 86, Attach. 6 [Arrest Report, noting that the heroin was discovered during "search upon incident to arrest"].)  If Plaintiff were to succeed on his claim of false arrest/false imprisonment as to the False Personation charge, such a finding would call into question whether the heroin that was discovered only because the police conducted a search pursuant to that arrest could legally be used to support Plaintiff's conviction; there is no evidence to support that Defendants Martinez and Burnham had probable cause to search or arrest Plaintiff for anything other than the allegedly false information he provided to them during the traffic stop.  There would therefore have been no discernable reason to conduct a search of Plaintiff's person without that

arrest. Nor does it appear that any relevant exceptions to the exclusionary rule would apply in this situation: (a) the evidence was not obtained from an independent source but rather directly as a result of the search incident to the arrest; (b) there is no evidence indicating that the heroin would have been discovered without the arrest and subsequent search and therefore there is no suggestion that the heroin would have been inevitably discovered; and (c) there was no interrupting intervening circumstance or other indication that the connection between the allegedly illegal arrest and subsequent search and the heroin was too remote to warrant exclusion. *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016). The Court therefore finds this case to be one in which a favorable outcome on Plaintiff's claims (both of which are based on the allegedly false statements made by Defendants Martinez and Burnham to support the arrest and charge for False Personation) would necessarily imply the invalidity of his conviction for Criminal Possession of a Controlled Substance.

Additionally, Plaintiff has not demonstrated that his conviction has been invalidated by any of the methods enumerated in *Heck*. *Heck*, 512 U.S. at 486-87; *Burdick v. New York State Police*, 14-CV-1254, 2015 WL 1954616, at *7 (N.D.N.Y. Apr. 28, 2015) (Dancks, M.J., Sannes, J.). He has therefore also not shown that his cause of action for malicious prosecution pursuant to 28 U.S.C. § 1983 as to his conviction has yet accrued. *See DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996) (noting that *Heck* stated that, "if the criminal trial resulted in a conviction, the cause of action of the malicious prosecution plaintiff would not accrue until 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus'").

To the extent that Plaintiff argues that he can establish his malicious prosecution claim because there was a favorable termination as to the charge of False Personation based on the dismissal of that charge, such argument is unpersuasive for two reasons. (Dkt. No. 92, at 4-5 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff's assertion that the Certificate of Conviction indicates that this claim was dismissed because the judge knew that "Defendant Martinez presented a false criminal complaint" is not borne out by the evidence. (*Id.* at 5.) Nothing in the Certificate of Conviction or any of the other admissible record evidence substantiates that the False Personation charge was dismissed because the judge found that Defendant Martinez had presented false information. (Dkt. No. 86, Attach. 7.) Nor does the fact that the Certificate of Conviction (date July 7, 2016) contains Plaintiff's correct name and date of birth substantiate his assertion that the judge found he had (contrary to Defendant Martinez's report) provided his correct information to Defendants Martinez and Burnham on June 12, 2014. (Dkt. No. 92, at 4-5 [Pl.'s Opp'n Mem. of Law].) The evidence therefore does not support Plaintiff's assertion that dismissal of that claim was based on a finding that he did not provide false information to Defendants Martinez and Burnham.

Second, Plaintiff's argument is at odds with the applicable law. In effect, Plaintiff argues that the dismissal of the False Personation charge entitles him to pursue his malicious prosecution claim because there was a favorable outcome on that charge. However, in order to establish a claim for malicious prosecution under New York law, the plaintiff must show that there was a termination of the *criminal proceeding* in his favor. *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) ("To establish a malicious prosecution claim under New York law, a plaintiff must prove "'[1] the initiation or continuation of a criminal proceeding

against plaintiff; [2] termination of the proceeding in plaintiff's favor; [3] lack of probable cause for commencing the proceeding; and [4] actual malice as a motivation for defendant's actions.'"); *Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004) ("As a general rule, a final termination of a criminal proceeding in favor of the accused is a favorable termination for the purposes of a subsequent malicious prosecution claim."). Blacks's Law Dictionary defines "criminal proceeding" as "[a] judicial hearing, session, or prosecution in which a court adjudicates whether a person has committed a crime or, having already fixed guilt, decides the offender's punishment; at a criminal hearing or trial." Black's Law Dictionary (10th ed. 2014). Courts have recognized that entrance of a guilty plea is part of a criminal proceeding. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004) ("A guilty plea . . . is an event of signal significance in a criminal proceeding.") (citations omitted); *Davila v. United States*, 07-CV-1320, 2008 WL 906691, at *12 (E.D.N.Y. Mar. 31, 2008) (noting that the competency requirement "applies throughout all stages of the criminal proceedings, including the guilty plea").

The question is therefore whether the criminal proceeding itself (not just a single charge) resulted in a favorable termination for Plaintiff. The Court finds that it did not, based on Plaintiff's conviction for Criminal Possession of a Controlled Substance, a charge that was brought as part of the same criminal proceeding as the charge of False Personation. (Dkt. No. 86, Attach. 7.) The fact that other charges that were part of that criminal proceeding were dismissed does not indicate that there was a favorable outcome for Plaintiff because the criminal proceeding as a whole ended in Plaintiff's conviction for Criminal Possession of a Controlled Substance.

More specifically, it is uncontroverted that the charge of False Personation was dismissed "in full satisfaction" of the entry of Plaintiff's plea of guilty to the charge of Criminal Possession of a Controlled Substance. *See, supra*, Fact No. 2 in Part I.B of this Decision and Order.

Of course, if Plaintiff's guilty plea on the charge of Criminal Possession of a Controlled Substance was entered in full satisfaction of the disposition of all three charges against him (including the charge of False Personation), then he may not maintain a claim of malicious prosecution with regard to the False Personation charge because there was not a termination of the criminal proceeding in his favor. *See, e.g.*, *Icangelo v. Kelly*, 13-CV-1638, 2014 WL 3490396, at *1-2 (E.D.N.Y. July 11, 2014) ("Plaintiff was . . . charged with, inter alia, violation of New York Penal Law § 265.03 for criminal possession of a firearm in the second degree . . . [P]laintiff pleaded guilty to attempted criminal possession of a weapon in the second degree, in full satisfaction of all charges . . . [P]laintiff has not demonstrated a favorable termination of the proceeding."); *Monte v. Pettie*, 10-CV-4404, 2012 WL 1617713, at *2-3 (E.D.N.Y. May 8, 2012) ("[P]laintiff pled guilty to conspiracy in the second degree, a violation of New York Penal Law § 105.15 and a class B felony, in full satisfaction of the indictment . . . Plaintiff pleaded guilty in satisfaction of the indictment under which he was prosecuted . . . As plaintiff is thus precluded from making a showing of . . . termination of the case in his favor, his claim for malicious prosecution fails as a matter of law."); *Rivera v. City of Yonkers*, 470 F. Supp. 2d 402, 405, 407-08 (S.D.N.Y. 2007) ("Plaintiff voluntarily entered a guilty plea to obstruction of governmental administration, one of the charges for which he was arrested . . . [A]s this guilty plea represents a termination of the case that was not in favor of the accused, Plaintiff cannot maintain his claim for malicious prosecution."); *Almonte v. Florio*, 02-CV-6722, 2004 WL

14

60306, at *7 (S.D.N.Y. Jan. 13, 2004) ("Because plaintiff pleaded guilty to conspiracy in the fourth degree in full satisfaction of all counts in Indictment 50/97, . . . the criminal proceeding did not terminate in his favor . . . Because the criminal proceeding did not terminate in plaintiff's favor, despite the fact that the overall result may have been favorable to plaintiff, any claim for malicious prosecution must fail as a matter of law.").  Nor may he bring a false imprisonment/false arrest claim based on the arrest for False Personation because his guilty plea was in full satisfaction of all of the charges.  *Parker v. Robenski*, 13-CV-0668, 2015 WL 4041734, at *4 (N.D.N.Y. July 1, 2015) (Hurd, J.) ("Parker's plea of guilty to count one of the indictment in satisfaction of *both* the remaining charges in that instrument as well as the unindicted charges related to the July 20, 2011 arrest preclude him from bringing a false arrest claim premised on any of those events."); *Lluberes v. City of Troy*, 11-CV-1346, 2014 WL 1123413, at *15 (N.D.N.Y. Mar. 21, 2014) (Hummel, M.J.) (finding the plaintiff's false arrest and imprisonment claims barred because he pled guilty in full satisfaction of the charges and did not provide evidence showing his conviction was reversed).

Consequently, the Court finds that Plaintiff's claims are not cognizable under 28 U.S.C. § 1983 pursuant to *Heck*.[8]

---

[8]    The parties dispute whether Plaintiff is currently incarcerated with the New York State Department of Corrections as a result of the conviction relevant to this case, although neither party provides clear evidence to support their position.  However, whether Plaintiff is currently incarcerated for this specific conviction appears to not be determinative based on the Supreme Court's notation in *Heck* that "the principle barring collateral attacks–a longstanding and deeply rooted feature of both the common law and our own jurisprudence–is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated."  *Heck*, 512 U.S. at 486-87.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 86) is

**<u>GRANTED</u>**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 52) is **<u>DISMISSED</u>**.

Dated: June 6, 2018
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

16